UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD WINSLOW<br><br>Plaintiff–Petitioner<br><br>- against –<br><br>LEONARD PORTUONDO, Superintendent, Shawangunk Correctional Facility, and the Attorney General of the State of New York,<br><br>Respondent. | **MEMORANDUM, ORDER &**<br>**JUDGEMENT**<br><br>99-CV-4662<br><br> |

**JACK B. WEINSTEIN, Senior United States District Judge:**

The Court of Appeals for the Second Circuit issued an order on November 10, 2010 remanding the case to the district court for "whatever further action the district court finds appropriate, as if it had been filed directly in the district court." *See* United States Court of Appeals for the Second Circuit Order (Docket Entry 54, November 10, 2010). A non-evidentiary hearing and conference was scheduled for December 22, 2010. At petitioner's request, the hearing was adjourned to provide additional time for briefing on the matter. *See* Docket Entry 58.

Petitioner sought appointment of counsel for his successive petition for post-conviction relief under 28 U.S.C. § 2244(b)(2). *See* Docket Entry 60. That motion was denied. *See* Docket Entry 62. The non-evidentiary hearing was scheduled for March 23, 2011. At that time, prior

1



counsel was re-appointed to represent petitioner and the hearing was adjourned. *See* Docket 67.

A non-evidentiary hearing was held on July 26, 2011, with full briefing and argument. Respondent moved to dismiss the petition on the grounds that it was untimely pursuant to 28 U.S.C. § 224 (d)(1) and other grounds. *See* Respondent's Memorandum to Dismiss Petition for Writ of Habeas Corpus (Docket Entry 66, February 18, 2011); Hr'g Tr., July 26, 2011. For the reasons stated on the record and below, Winslow's habeas petition is denied. Respondent's motion to dismiss is granted.

Petitioner is a state prisoner. His motion might be characterized as a successive petition for post-conviction relief under 28 U.S.C. § 2244(b)(2) based on newly discovered evidence or as a motion under Rule 60(b) of the Federal Rules of Civil Procedure seeking relief from dismissal of a first petition. However characterized, the motion is denied as frivolous.

Winslow was convicted after a jury trial on May 26, 1994 of murder in the second degree and attempted robbery in the second degree, affirmed by the New York Supreme Court, Appellate Division, Second Department, on March 31, 1997. *See People v. Winslow*, 655 N.Y.S.2d 1018 (N.Y. App. Div.2d Dep't 1997). He was sentenced to consecutive indeterminate prison terms of twenty-five years to life on the murder conviction and two to six years on the attempted robbery conviction, to be served concurrently. *Id.* He has engaged in numerous rounds of appellate and collateral litigation both in the state and federal courts. *See* Respondent's Affidavit in Opposition to Motion for Successive Petition (Docket Entry 57, December 17, 2010) (detailing the procedural history and outcome of litigation in this case). *See* Respondent's Memorandum to Dismiss Petition for Writ of Habeas Corpus (Docket Entry 66, February 18, 2011).

In April, 2008 petitioner moved in this court for relief under Rule 60(b) claiming that he had confused the facts of his two habeas cases during a telephone hearing with the court during the pendency of his original habeas proceeding in the matter. *See* Motion for Reconsideration (Docket Entry 24, April 25, 2008).

A hearing on his motion was granted on January 29, 2009. It covered only alleged *Brady* and *Rosario* errors in the state criminal prosecution. *See Winslow v. Portuondo*, 599 F.Supp.2d 337 (E.D.N.Y. 2009). Following an evidentiary hearing on the *Brady* and *Rosario* issue on December 7, 2009, petitioner's motion and certificate of appealability was denied. *See* Order and J. (Docket Entry 42 and 43).

Four new contentions are now offered: first, that he was denied constitutional rights to due process and a fair trial when the prosecutor failed to inform him of the nature and cause of the accusation and unconstitutionally changed the theory of the prosecution; second that he was denied due process and a fair trial when the prosecution used dual theories to convict him after other defendants had pled guilty to the crime; third, that he was deprived of the effective assistance of trial counsel owing to his attorney's failure to adequately investigate factual and legal issues; and fourth, that appellate counsel provided ineffective assistance by failing to demonstrate how trial counsel had been ineffective. *See* Application for Leave to File a Second or Successive Habeas Corpus Petition, Attachment (December 11, 2010) ("Application"). Petitioner has not met the requirements of 18 U.S.C. § 2244 (b)(2) for a second habeas corpus petition.

It provides:

>   (b )(2) A claim presented in a second or successive habeas corpus application
>   under section 2254 that was not presented in a prior application
>   shall be dismissed

unless--
(A) the applicant shows that the claim relies on a new rule of constitutional law,
made retroactive to cases on collateral review by the Supreme Court, that was
previously unavailable; or
(B)(i) the factual predicate for the claim could not have been discovered
previously through the exercise of du~ diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as
a whole, would be sufficient to establish by clear and convincing evidence that,
but for constitutional error, no reasonable factfinder would have found the
applicant guilty of the underlying offense.

There is no claim that the successive petition relies on a new, retroactively applicable rule of law.

Petitioner argues that the factual predicate for his claim could not have been discovered previously through the exercise of due diligence because he had not obtained the transcripts "until after his trial and direct appeal." *See* Application at Section 10(b) p. 6. Since Petitioner filed a sixty-two page supplemental *pro se* brief at the outset of his direct appellate process in or about 1996, his claim that the transcript was not provided to him until after the trial and direct appeal is so dubious as to warrant rejection as untrue.

In any event, the newly discovered facts he relies upon would not be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. His attack on dismissal of his first habeas petition is too late and too little.

Petitioner's claims have been raised repeatedly and denied in state court and this court. They are meritless.

4

Petitioner's argument that the successive petition should be construed as an amendment to his 1999 petition under Federal Rule of Civil Procedure 15(c) is without merit. *See* Memorandum of Law in Support of Donald Winslow's Habeas Corpus Petition and in Response to Respondent Portuondo's Motion to Dismiss Petition, July 21, 2011. The first petition was filed more than a decade ago and was adjudicated and denied in 2003 and 2009. *See* Mem., Order and J., Aug. 20, 2003, Docket Entry 16 (denying petition for writ of habeas corpus after non-evidentiary hearing); Order & J., Dec. 14, 2009, Docket Entry 42 (dismissing motion under Rule 60(b)(6) to set aside order and judgment dismissing petition for writ of habeas corpus).

The case heavily relied upon by petitioner, *Ching v. United States*, 298 F.3d 174 (2d Cir. 2002), has no bearing on the present case. The merits in this case, unlike *Ching*, were long ago considered and found wanting. Time to amend has expired—and in fact would be fruitless, in view of the lack of merit and the final decision dismissing the original petition.

The case is dismissed on the merits and with prejudice, without leave to amend. A certificate of appealability is denied for lack of merit.

Appointed counsel will take whatever action is necessary to protect plaintiff-petitioner's appellate rights.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: July 27, 2011
Brooklyn, New York

5